PORTO RICAN LEAF TOBACCO COMPANY, Appellant, *v.*
REGISTRAR OF PROPERTY, Respondent.

No. 848.    Argued May 28, 1931.—Decided July 20, 1931.

*J. H. Brown, C. Ruiz Nazario,* and *G. E. González* for appellant. The registrar appeared by brief.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

The contract for agricultural advances involved in the present case contains a clause which literally transcribed reads as follows:

"The planter hereby creates a lien in favor of the Company upon any portion of the tobacco crop remaining after the liquidation thereof in conformity with this contract, to secure any indebtedness that may be due and owing from the planter to the company at the time of such liquidation, up to the amount of five thousand dollars."

On presentation for record of the above contract, the Registrar of Property of Guayama entered the following note:

"Record is made of the foregoing contract which is supplemented by another for an extension between the same parties, as to the clause thereof which was formerly denied, in view of the decision of the Hon. Supreme Court of Puerto Rico in case No. 840, Porto Rican Leaf Tobacco Company v. Registrar, dated April 30, 1931, the record of said clause being restricted to the debts arising out of either contract for agricultural advances (the original agreement and the amplification thereof); and the record of said clause is denied as to any other indebtedness not resulting from said agricultural advances, a cautionary notice being entered instead for 120 days, in accordance with the law, at folio 217, back, of vol. 11 of A. C. of Cidra, property No. 475, record D."

In case No. 840, *Porto Rican Leaf Tobacco Company* v. *Registrar,* decided April 30, 1931, *ante,* page 174, this Court said (pp. 175–176):

"In the instant case the contract as a whole purports to be an amplification of a previous agreement for agricultural advances amounting to fifteen hundred dollars already received by the planter. The clause now under consideration must be construed in connection with its context. It is part of a contract for agricultural advances. Aside from the absence of any limitation upon the nature of the indebtedness, there is nothing to indicate that the parties had in mind any future business relations essentially different from those already existing between them. Save in so far as extended by the clause in question, both contracts related exclusively to the planting and cultivation of tobacco. Any advances for agricultural purposes, in excess of the amounts specified as such advances in either or both of the contracts, and up to an additional amount of twenty-five hundred dollars would unquestionably be 'indebtedness' existing at the time of settlement, unless reimbursed before that time. Any unsatisfied balance in favor of the company after exhaustion of the security provided for in the original contract would form a part of such indebtedness. It is a fair inference that the thought uppermost in the minds of the parties was additional security for advances already made and the possibility of further agricultural advances, notwithstanding the fact that the language used was broad enough to cover any other form of indebtedness existing at the time of settlement. In any event, any unpaid balance under the original contract and any future advances in excess of the $800 specified in the new agreement were included in the indebtedness secured by the clause in

question. In so far as that clause relates to any indebtedness arising out of either contract for agricultural advances it should not have been excluded.''

The decision of the registrar of property complies with the letter and the spirit of the applicable law in force and with the doctrine embodied in the decision just cited.

For the reasons stated, we must affirm the decision appealed from.

Mr. Justice Hutchison dissented.